**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER O. SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GC SERVICES, LP, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Alexander O. Smith brings this action to secure redress from unlawful credit and collection practices engaged in by defendant.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

1

## PARTIES

6. Plaintiff Alexander O. Smith is an individual who resides in the Northern District of Illinois.

7. Defendant GC Services, LP, is a limited partnership entity organized under Delaware law with offices located at 6330 Gulfton Street, Houston, Texas 77081. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. GC Services, LP is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. GC Services, LP is a debt collector under the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

11. On or about January 15, 2010, a representative of defendant twice called plaintiff and left the following voicemail message:

> **Alexander Smith, please call Vince McEtow at 1-800-926-3136. My extension is 3097. Please return my call. Thank you.**

12. On or about January 18, 2010, a representative of defendant called plaintiff and left the following voicemail message:

> **Alexander Smith, uh, Vince McEtow. Please call me at 1-800-926-3136. My extension is 3097. Please return my call. Thank you.**

13. On or about April 9, 2010, a representative of defendant called plaintiff and left the following voicemail message:

> **Alexander Smith, uh, Vince McEtow. Please call me at 1-800-926-3136. My extension is 3097. Please return my call. Thank you.**

14. During the same time period a similar message was also left at the home of plaintiff's mother, where he was not lived for 5 years, causing plaintiff's mother to question why the caller was trying to contact plaintiff.

15. Plaintiff has been in communication with defendant and is making payments on the debt defendant sought to collect from plaintiff. Defendant is well aware of plaintiff's address and telephone number.

16. The number 1-800-926-3136 is issued to or used by defendant GC Services, LP.

17. The calls did not identify the company calling or state that the calls were for debt collection purposes.

### COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

20. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

21. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

      a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

      b. The messages did not identify defendant.

22. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

3

23. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

24. Defendant violated 15 U.S.C. §1692c by leaving messages for plaintiff's mother.

25. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

s/Daniel A. Edelman

4

...


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

t:22273\pleading\complaint_pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24411\Pleading\Complaint_Pleading.wpd